**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARK BOLLINGER,            )
        Plaintiff,    )  Case No.  2:15-cv-01691-APG-CWH
                        )
vs.                        )  **ORDER**
                        )
WELLS FARGO BANK, N.A., et al.,  )
        Defendants.   )

      Presently before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Stay Discovery Pending Determination of Wells Fargo's Motion to Dismiss (ECF No. 29), filed on February 17, 2016. Plaintiff Mark Bollinger filed a response (ECF No. 30) on March 7, 2016. Defendant Quality Loan Service Corporation did not respond to the motion.

      Also before the Court is the parties' joint conference report (ECF No. 31), filed on March 7, 2016.

      Defendant Wells Fargo requests that the Court stay discovery pending the outcome of its motion to dismiss (ECF No. 20).[1] Plaintiff Bollinger does not oppose staying discovery for the purpose of conserving resources, though he objects to Defendant Wells Fargo's position with respect to the merits of his claims. Although Defendant Quality Loan Service Corporation did not respond to the motion to stay, in the parties' joint conference report, it joins Defendant Wells Fargo and Plaintiff Bollinger in requesting that discovery be stayed pending the resolution of the motions to dismiss.

/ / /

---

[1] The Court also notes that Defendant Quality Loan Service Corporation filed a motion to dismiss (ECF No. 19).

Having reviewed and considered the parties' arguments, the Court finds that good cause exists to stay discovery pending resolution of the motions to dismiss.

IT IS THEREFORE ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Stay Discovery Pending Determination of Wells Fargo's Motion to Dismiss (ECF No. 29) is GRANTED.

IT IS FURTHER ORDERED that the parties' joint conference report (ECF No. 31) is GRANTED.

IT IS FURTHER ORDERED that if the district judge denies either of the motions to dismiss, then the remaining parties must meet and confer and file a proposed discovery plan and scheduling order within 14 days from the date of the order denying the motion to dismiss. The proposed discovery plan must comply with Local Rule 26-1(e), with discovery deadlines measured from the date of the order on the motion to dismiss.

IT IS FURTHER ORDERED that the parties must file a joint status report 90 days from the date of this Order.

DATED: March 9, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**